IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEEMONIE WILLIS<br>3046 Mechanicsville Road<br>Bensalem, PA 19020<br><br>    Plaintiff,<br><br>  v.<br><br>MASONIC VILLAGES OF THE GRAND LODGE OF PENNSYLVANIA D/B/A MASONIC VILLAGE<br>850 Norristown Road<br>Warminster, PA 18974<br><br>    Defendant. | CIVIL ACTION<br><br>No.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Seemonie Willis (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) Masonic Village (*hereinafter* referred to as "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII – 42 U.S.C. §§ 2000d *et. seq.*), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), the Pennsylvania Human Relations Act ("PHRA")[1] and the Older Adults Protective Services Act ("OAPSA" - 35 P.S. §§ 10225.101 et seq.). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff will move to amend her instant lawsuit to include claims under the PHRA once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA though would mirror the instant Title VII/1981 claims identically.

## JURISDICTION AND VENUE

2. This action is also being initiated pursuant to federal laws, and therefore, the United States District Court for the Eastern District of Pennsylvania also has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Plaintiff was hired through and worked for Defendant within the Eastern District of Pennsylvania and all actions underlying this case occurred within the Eastern District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant is a nursing facility that cares for elderly residents throughout the United States, with a location in Warminster, Pennsylvania ("Warminster location").

8. At all times relevant herein, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## ADMINISTRATIVE REMEDIES

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. On or about January 20, 2025, Plaintiff dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") alleging violations of Title VII and Section 1981.

11. On or about March 27, 2025, the EEOC issued a "Right to Sue" letter for Plaintiff's charge.

12. Plaintiff has satisfied all administrative prerequisites to filing the federal claims pleaded herein.

13. However, Plaintiff is required to wait one full year from the filing of her charge of discrimination with the PHRC in order to administratively exhaust those remedies. However, Plaintiff is putting Defendant on notice of such claims for ease of reference.

## FACTUAL BACKGROUND

14. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15. Plaintiff is an Asian (Guyanese) female from Guyana.

16. Guyana (a country in South America) is comprised of a large population of individuals from India, despite the country being in South America.

17. Plaintiff was hired by Defendant in or about January 2024 as a Certified Nursing Assistant ("CNA").

18. As a CNA, Plaintiff was responsible for customer service and assisting elderly residents with their everyday needs (medical and otherwise).

3

19. In her role, Plaintiff was primarily supervised by Renna Costello ("Costello"), Registered Nurse, Asian. Costello was primarily supervised by Kelly Shrum ("Shrum"), Executive Director, Caucasian.

20. Throughout the course of her employment with Defendant, Plaintiff was a hard-working employee who performed her job well, and residents of Defendant were very fond of Plaintiff.

21. Unfortunately, throughout the second half of Plaintiff's tenure with Defendant, Plaintiff was subjected to discrimination and hostility at the hands of her colleagues, Shrum and Costello (discussed *infra*).

22. Throughout the second half of Plaintiff's employment, four (4) to six (6) CNA's who worked with Plaintiff, including Evette (last name unknown) ("Evette LNU") Black/Haitian, Sofia (last name unknown) ("Sophia LNU"), Black/Haitian, Karachi (last name unknown) ("Karachi LNU"), Black/Haitian and Pauline (last name unknown) ("Pauline LNU"), Black/Haitian (collectively referred to as "the CNA employees"), consistently ganged up on Plaintiff, made work difficult for Plaintiff and would harass Plaintiff due to Plaintiff's race/ancestry.

23. By way of example only (but not meant to be an exhaustive list), the CNA employees would:

   a. Refuse to call Plaintiff by her name and would instead call her the "Indian Girl" or "Indian Lady;"

   b. Laugh about how "Hindu" people (insinuating that because Plaintiff was of Indian ancestry, she practiced Hinduism) practice a funny religion; and,

   c. Taunt Plaintiff in an attempt to get her to start a confrontation with them.

24. Similarly, Plaintiff was subjected to harsher discipline than her non-Asian/Guyanese counterparts by Shrum, including for simple tasks such as using the restroom.

25. On several occasions, Plaintiff complained of the discriminatory and differential treatment by Shrum. In her complaints, Plaintiff specifically mentioned that she felt Defendant was "discriminating" against her.

26. Instead of conducting any meaningful investigation, Shrum would dismiss Plaintiff and call her "nasty" and that she needed to "deal with it."

27. Plaintiff similarly complained to Costello of the discriminatory behavior. In turn, Costello reported the behavior to Shrum, who again dismissed Plaintiff's complaints.

28. Additionally, throughout Plaintiff's tenure of employment with Defendant, Plaintiff witnessed several concerning instances of abuse and neglect of residents.

29. By way of example only (but not meant to be an exhaustive list):

    a. Plaintiff witnessed Sophia (last name unknown), CNA, Black/Haitian, forcibly push an elderly and paralyzed resident[2] who couldn't move himself on the bed; and,

    b. Plaintiff witnessed a resident being left in a filthy room with trash and food spilled on the floor, and employees of Defendant, including Jasmine (last name unknown), Hispanic, and Carol (last name unknown), Caucasian/White, refusing to pick up the mess.

30. Towards the end of Plaintiff's employment, Plaintiff made direct complaints about the abuse and neglect of residents to Shrum.

---

[2] The identity of this resident is known to the parties but not provided herein for privacy reasons.

31. Instead of listening to Plaintiff or showing any signs of care, Shrum again dismissed Plaintiff's complaints, called her "stupid", a "liar", and to leave the residents how they are since they "always do this."

32. Within days of making complaints of discrimination and abuse and neglect, and in retaliation for making complaints, Plaintiff was abruptly terminated on January 01, 2025.

33. As evidence of pretext, in Plaintiff's termination letter, which was hand signed by Shrum, Shrum stated that Plaintiff was terminated allegedly for grabbing a resident's wrist on August 26, 2020, and admitting to the abuse, despite the fact that ***Plaintiff was not even employed by Defendant in 2020***.

34. Plaintiff believes and therefore avers that Defendant's reason for termination is pretextual, and she was terminated by Defendant in violation of Title VII, Section 1981, the PHRA and OAPSA.

**COUNT I**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Race/Color/National Origin Discrimination [2] Retaliation, and [3] Hostile Work Environment)**

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. During Plaintiff's employment with Defendant, she was subjected to discrimination through disparate treatment and demeaning and/derogatory treatment because of her race/color/national origin.

37. Plaintiff was abruptly terminated under false and pretextual circumstances as discussed herein on or about January 01, 2025.

38. Plaintiff believes and therefore avers that her race, color, or national origin was a motivating/determinative factor in Defendant's decision to terminate her employment.

6

39. Plaintiff avers that she was terminated because she engaged in protected activity under Title VII, specifically complaining about race discrimination and opposing discriminatory employment practices in the workplace.

40. Plaintiff avers that she was subjected to severe and/or pervasive discrimination and harassment because of her race/color/national origin that detrimentally affected her ability to perform her job duties and constituted a hostile work environment.

41. Defendant failed to take appropriate remedial action to address the hostile work environment that Plaintiff endured because of her race/color/national origin.

42. These actions constitute unlawful discrimination, retaliation, and hostile work environment under Title VII.

## COUNT II
### Violations of 42 U.S.C. Section 1981
**([[1] Race Discrimination [2] Retaliation, and [3] Hostile Work Environment)**

43. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. During Plaintiff's employment with Defendant, she was subjected to discrimination through disparate treatment and demeaning and/or derogatory treatment because of her race/ethnicity.

45. Plaintiff was abruptly terminated under false and pretextual circumstances as discussed herein on or about January 01, 2025.

46. Plaintiff avers that she was terminated because she engaged in protected activity under Section 1981, specifically complaining about race/ethnic discrimination and opposing discriminatory employment practices in the workplace.

47. Plaintiff believes and therefore avers that she was terminated from her employment with Defendant because of her race/ethnicity and/or her complaints of race/ethnic discrimination.

48. Plaintiff avers that she was subjected to severe and/or pervasive discrimination and harassment because of her race/ethinicity that detrimentally affected her ability to perform her job duties and constituted a hostile work environment.

49. Defendant failed to take appropriate remedial action to address the hostile work environment that Plaintiff endured because of her race/ethnicity.

50. These actions as aforesaid constitute unlawful discrimination, retaliation, and hostile work environment under Section 1981.

## COUNT III
### Violations of the Older Adults Protective Services Act ("OAPSA")
### 35 P.S. §§ 10225.101 et seq.
### (Intimidation & Retaliation)

51. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52. Plaintiff was an employee of Defendant, a "facility" or facilities under the Older Adult Protective Services Act 35 P.S. § 10225.103, as this term has been defined.

53. 35 P.S. § 10225.302 states that "[a]ny person having reasonable cause to believe that an older adult is in need of protective services may report such information to the agency which is the local provider of protective services. . ."

54. The OAPSA contains sweeping anti-intimidation and anti-retaliation provisions.

55. For example, the OAPSA states that: (1) A person, including an adult in need of protective services, with knowledge sufficient to justify making a report or cooperating with an agency, including **possibly** providing testimony in an administrative or judicial proceeding, shall

not be subject to any intimidation by an employer or by any other person or entity. (2) A person who violates this subsection is subject to civil action by the reporter or the adult in need of protective services, in which action the reporter or adult in need of protective services shall recover treble compensatory damages, compensatory and punitive damages or $5,000, whichever is greater. 35 Pa. Stat. Ann. § 10210.302(e)(1)-(2).

56. Leading up to her termination, Plaintiff reported instances of abuse and/or neglect to her supervisors, pertaining to older patients, who, upon information and belief, were 60 years of age or older, with functional limitations and therefore needed the assistance of another person to perform or obtain services necessary to maintain their physical or mental health.

57. Before Plaintiff had the opportunity to see whether Defendant was going to report such aforementioned abuse and/or neglect to the proper agency or whether an investigation into such acts of abuse and/or neglect would be properly conducted, Plaintiff was abruptly terminated.

58. Plaintiff, unlike her fellow employees who failed to report abuse and/or neglect within Defendant and/or who actually committed abuse and/or neglect, was terminated from her employment with Defendant for completely pretextual reasons (discussed *supra*).

59. Plaintiff was subjected to termination by Defendant as a way to intimidate her from further reporting such acts of abuse to an appropriate outside agency.

60. As a consequence of Defendant's violations of the Older Adult Protective Services Act, Plaintiff has suffered damages such as lost wages, emotional distress damages and the like.

61. These actions as aforesaid constitute unlawful intimidation and retaliation under the Older Adult Protective Services Act.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.  Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation at the hands of Defendant until the date of verdict;

B.  Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.  Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate, including for emotional distress;

D.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.  Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                                                                                              Respectfully submitted,

                                                                                              **KARPF, KARPF, & CERUTTI, P.C.**

By: _____
                                                                    Ari R. Karpf, Esq.
                                                                    8 Interplex Drive, Suite 210
                                                                    Feasterville-Trevose, PA 19053
                                                                    (215) 639-0801
                                                                    akarpf@karpf-law.com

Date: June 10, 2025

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and her claims to damages, to any defenses to same, including but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, emails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Seemonie Willis | : | CIVIL ACTION |
| v. | : | |
| Masonic Villages of the Grand Lodge of Pennsylvania d/b/a Masonic Village | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| 6/10/2025 | [signature] | | Plaintiff |
|---|---|---|---|
| **Date** | **Attorney-at-law** | | **Attorney for** |
| 215-639-0801 | 215-639-4970 | | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business__

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WILLIS, SEEMONIE

**DEFENDANTS**
MASONIC VILLAGES OF THE GRAND LODGE OF PENNSYLVANIA D/B/A MASONIC VILLAGE

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section, PHRA and OAPSA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 6/10/2025      SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #  _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____